IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD F. CASE, JR.,                      )
Administrator of the Estate of DENNIS     )
LAVELLE FAYNE,                            )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )     Civil Action No. 3:09CV430–HEH
                                          )
TROXELL THOMAS MILLER, and                )
PITT OHIO EXPRESS, INC.,                  )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Transfer Venue)

THIS MATTER is before the Court on Defendants' Troxell Thomas Miller and

Pitt Ohio Express, Inc.'s Motion to Transfer Venue (Dk. No. 5), filed on July 9, 2009.

The parties have filed memoranda of law in support of their respective positions. The

Court will dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the Court, and argument would not aid in the

decisional process. For the reasons stated below, the Court will grant Defendants'

Motion to Transfer Venue and transfer the case to the United States District Court for the

Western District of Virginia, pursuant to 28 U.S.C. § 1406.

### I. Background

This is a wrongful death action arising out of a multi-vehicle accident which

occurred on Interstate 81 in Shenandoah County, Virginia, on April 20, 2009. The

accident involved a collision between a motor vehicle and three tractor trailers, resulting in three fatalities.[1] The decedent in this case, Dennis Lavelle Fayne ("Fayne") was the passenger in a tractor trailer operated by Salmon and Sons, Inc. The complaint alleges that the decedent was struck and killed by a tractor trailer owned by defendant Pitt Ohio Express and operated by its employee defendant Troxell Thomas Miller ("Miller"). The decedent died intestate, and on May 28, 2009, the Circuit Court for the City of Richmond appointed Donald F. Case, Jr. ("Case") as Administrator for suit purposes to pursue civil litigation.[2] Case is a member of the law firm which represents the estate of the decedent.

On May 29, 2009, the Plaintiff filed an action in the City of Richmond Circuit Court seeking compensatory damages. On July 9, 2009, the Defendants' filed a Notice of Removal, resulting in the removal of this case to the United States District Court for the Eastern District of Virginia, Richmond Division (Dk. 1). The Defendant's have filed three pending motions to date: Partial Motion to Dismiss (Dk. No. 3), Motion to Dismiss or in the Alternative to Transfer Venue (Dk. No. 5), and a Motion for Leave to File an Amended Complaint and Brief (Dk. No. 8).

## II. Standard of Review - Motion to Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses,

---

[1] The accident resulted in the death of Dennis L. Fayne, Hilario Goux Vicente, and Ramiro Vicente-Atjun. The Estate of Ramiro Vicente-Atjun has subsequently initiated an action in the Circuit Court, Probate Division, in the County of Shenandoah, Virginia.

[2] On May 11, 2009, Juanita Fayne was appointed Administrator of Kevin Fayne's Estate in Tennessee. Juanita Fayne filed a petition on August 5, 2009, in the Circuit Court for the City of Richmond seeking to remove Donald Case as Administrator of the Fayne Estate in Virginia.

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). "A party seeking such discretionary transfer 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought.'" *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990) (quoting *Medicenters of America, Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974)). In order to determine if transfer of venue is appropriate, "this Court must make two inquiries (1) whether the claim[s] might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).

## A. Venue in Transferee Forum

The Defendants request that this court transfer venue to the Western District of Virginia. To do so, the court must first "determine whether the proposed transferee court is one in which the action originally might have been brought." *BHP Int'l Inv., Inc. v. On-Line Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). 28 U.S.C. § 1391(a), governs whether venue is proper in a particular forum when it states:

3

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the multi-vehicle accident occurred solely on Interstate 81 in Shenandoah County, Virginia. This area lies within the boundaries of the Western District of Virginia. Neither party has provided any other judicial district upon which events giving rise to the cause of action occurred. Therefore, a substantial part of the events giving rise to the claim occurred within the proposed transferee district, the Western District of Virginia, affording proper venue in this court.

**B. Balance of § 1404(a) Convenience and Justice Factors**

"Next, the court must determine whether transfer would be for the convenience of the parties and witnesses and in the interest of justice." *JTH Tax, Inc.*, 482 F. Supp. 2d at 736. "In deciding whether to grant transfer pursuant to § 1404(a), this court must consider four factors: (1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *Id.* at 736 (citing *Precision Franchising, LLC v. Coombs*, No. 1:06CV1148, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006)); (citing *Corry v. CFM Majestic Inc.*, 16 F. Supp. 2d 660, 666 (E.D. Va. 1998)).

4

"The movant bears the burden of showing that transfer is proper." *Cognitronics Imaging Sys.v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000).

### 1. Plaintiff's Choice of Venue

"The initial choice of forum, from among those possible under law, is a privilege given to the plaintiff." *Medicenters of America, Inc. v. T & V Realty & Equipment Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974). "To overcome that privilege, a movant bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought." *Id.* Accordingly, the "plaintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." *Hanover Ins. Co. v. Paint City Contractors, Inc.,* 299 F. Supp. 2d 554, 556 (E.D. Va. 2004). In addition, "the convenience of counsel has no bearing on the issue of the convenience of parties and witnesses, and is not a factor to be considered." *Smeltzer v. Southern Resorts, Inc.*, No. 87-145-N, 1987 WL 19933, at *2 (E.D. Va. Oct. 5, 1987) (citing *Solomon v. Continental American Life Ins. Co.*, 472 F. 2d 1043 (3rd Cir. 1973)).

In this case, the plaintiff's choice of venue is not entitled to substantial weight. As the Movant sets forth, the Plaintiff's only relation to the chosen forum is that the City of Richmond Circuit Court appointed a member of the law firm handling the Plaintiff's case as administrator of Fayne's estate. The law firm,

5

Shapiro, Cooper, Lewis & Appleton, P.C., is located in Virginia Beach, Virginia,

in the Eastern District of Virginia. The decedent Fayne is from Memphis,

Tennessee, and there is no indication that any of his beneficiaries currently reside

in the Eastern District of Virginia. With the convenience of counsel not relevant to

this analysis and the fatal accident occurring solely in the Western District of

Virginia, the cause of action bears little or no relation to the Eastern District of

Virginia.

### 2. Witness Convenience and Access to Sources of Proof

The second factor is "often the most important in balancing for a potential

§ 1404(a) transfer, but the influence of this factor may not be assessed without

reliable information identifying the witnesses involved and specifically describing

their testimony." *JTH Tax, Inc.*, 482 F. Supp. 2d at 737. "The party asserting

witness inconvenience has the burden to proffer, by affidavit or otherwise,

sufficient details respecting the witnesses and their potential testimony to enable

the court to assess the materiality of evidence and the degree of inconvenience."

*Koh*, 250 F. Supp. 2d at 636 (citing *Corry,* 16 F. Supp. 2d at 667 n.16). However,

"there is a tension in transfer motions between the duty to file such motions early

in the action and the need to support that motion with affidavits identifying

witnesses and the materiality of their testimony, information which may not be

known until later in the case." *Koh*, 250 F. Supp. 2d at 636 (citing *Affinity*

6

*Memory and Micro, Inc. v. K & Q Enter.*, 20 F. Supp. 2d 948, 955 n. 13 (E.D. Va. 1998)). "[I]t is permissible to infer, absent any contrary evidence from the non-movant," that witnesses involved in the event in controversy are material. *Koh*, 250 F. Supp. 2d at 636-37.

The inconvenience of witnesses in this case strongly weighs in favor of transfer. Although the Movant's showing in this regard was not as detailed as it might have been, the record as a whole supports the conclusion that the majority of witnesses available for testimony currently reside in the Western District of Virginia. With the independent sources of proof comprised of police, fire, and emergency responders, it will be far more convenient for these individuals to provide testimony in the Western District of Virginia. Likewise, the complexity of the multi-vehicle accident and the lack of surviving witnesses will render these public safety personnel vital to reconstructing the events surrounding the accident. In addition to the emergency responders, it appears that any other witnesses available for testimony will come from the Western District of Virginia or other dispersed locations geographically closer to this western venue.

Also, as made clear in the Plaintiff's Motion for Leave to File and Amended Complaint and Brief (Dk. No. 8), their intention is to seek leave to join an additional defendant to their complaint. This proposed defendant is the Estate of Ramiro Javier Vicente-Ajtun ("Vicente-Ajtun"), another decedent from the

7

accident. Vicente-Ajtun was domiciled in Edinburg, Virginia, located in the Western District of Virginia. The Plaintiff represents that an unnamed party is in the process of getting qualified as the personal representative for the Estate of Vicente-Ajtun in the Circuit Court, Probate Division, for the County of Shenandoah, Virginia, located in the Western District of Virginia. For these reasons, the record is clear that the Western District of Virginia is more convenient for the majority of witnesses.

### 3. Party Convenience

The third factor of relevant consideration is the convenience of the parties. "When evaluating this factor, 'the logical starting point is a consideration of the residence of the parties.'" *JTH Tax, Inc.*, 482 F. Supp. 2d at 738 (citing *Mullins v. Equifax Info. Servs., LLC*, No. Civ. A 3:05CV888, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006)). However, "counsel's residence weighs little, if at all, in the venue inquiry." *Dee-K Enterprises, Inc. v. Heveail Sdn.*, 985 F. Supp. 640, 646 (E.D. Va. 1997) (citing *Medicenters of America, Inc.*, 371 F. Supp. at 1184). Additionally, as stated earlier, "the convenience of counsel has no bearing on the issue of the convenience of parties and witnesses, and is not a factor to be considered." *Smeltzer*, 1987 WL 19933, at *2 (citing *Solomon*, 472 F.2d at 1043).

The only party with ties to the Eastern District of Virginia is the Plaintiff, Donald Case, who is a member of the law firm representing the Estate of Dennis L. Fayne. In serving as Administrator for Fayne's Estate, Case's sole duty,

8

according to his qualification paper, is to pursue civil litigation. With no additional connections to the Eastern District of Virginia, the convenience of Case's law firm and the convenience of his role as Administrator in pursuing this civil litigation have no bearing on the convenience of the parties. For this reason, the convenience of the parties inquiry does not interfere with transfer of venue.

### 4. Interest of Justice

The last inquiry considers the interest of justice in transferring venue. The interest of justice consideration is "an analysis encompassing those factors unrelated to witness and party convenience." *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 939-40 (E.D. Va. 2002). These factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Id.* At 940.

Of the listed interest of justice factors, the Movant raises three. First, the Movant addresses the pendency of related actions by mentioning the estate action initiated by an associate of decedent Vicente-Ajtun in the Circuit Court, Probate Division, in the County of Shenandoah. This pending estate action gives further justification for the likelihood of future litigation in the Western District either through consolidation or related actions against the named parties. Moreover, the August 5, 2009, petition by Juanita F. Fayne filed in the City of Richmond Circuit

9

Court seeks to remove Administrator Case as personal representative. If granted, this petition could completely remove any connection of the Plaintiff to the Eastern District of Virginia. For these reasons, the pendency of related actions weigh strongly in favor of transfer.

Second, the Movant expressed the possibility of viewing the premises of the accident as an interest of justice factor. The Plaintiff contends the unlikelihood of such a view should negate the transfer to the Western District. But even when taking into consideration the Plaintiff's concerns, the mere plausibility of such a jury view further suggests the western venue.

Third, the Movants argue that preference for holding a trial in the community most affected favors the Western District. In this interest of justice argument, the Movants contend that the Western District can claim a greater interest in litigating a cause of action where residents of the District perished. With two of the three decedents from the accident residing in the Western District at the time of their death, the superior community interest in traffic accidents occurring in this district, and the lack of effect on the Eastern District of Virginia's community, all these factors weigh in favor of transfer. For these reasons put forth by the Movant, the interest of justice prong has been duly met.

### III. Conclusion

In balancing all of the relevant factors in 28 U.S.C. § 1404(a), the court finds that the Defendant's have met their burden to overcome the substantial

10

weight given to the Plaintiff's choice of forum. For the reasons stated in this opinion, transfer is appropriate. This court thus hereby concludes that this litigation should be transferred to the United States District Court for the Western District of Virginia.

An appropriate order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Aug. 27, 2009
Richmond, VA

11