CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 30 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| DONALD F. CASE, JR., Administrator of the Estate of DENNIS LAVELLE FAYNE, Plaintiff, | Civil Action No. 5:09cv00067 |
| v. | **MEMORANDUM OPINION** |
| TROXELL THOMAS MILLER and PITT OHIO EXPRESS, INC. Defendants. | By: Samuel G. Wilson United States District Judge |

This is a wrongful death action brought under Va. Code. Ann. § 8.01-50 and pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332, by plaintiff, Donald F. Case Jr., administrator of the estate of Dennis Lavelle Fayne, one of three persons killed in an accident involving two tractor-trailers and a passenger vehicle, against Troxell Thomas Miller, who was driving one of the two tractor-trailers, and against Pitt Ohio Express, Inc. ("Pitt"), Miller's employer. Fayne was a citizen of Tennessee, Miller is a citizen of West Virginia, and Pitt is a Pennsylvania corporation with its principal place of business in that state. This matter is currently before the court on two motions. First, defendants have moved to dismiss for lack of standing, in effect, asserting that the Clerk of the Circuit Court of the City of Richmond, who appointed Case as administrator of Fayne's estate, did so improperly. Second, Case seeks to add as an additional defendant, Catherine P. Gilbert, representative of the estate of Ramiro Javier Vincente-Atjun, the passenger vehicle driver who was also killed in the accident, and who is alleged to be a resident of Virginia. Case additionally claims that Gilbert's presence will destroy diversity jurisdiction, and therefore seeks to remand should the Court grant Case's motion to add Gilbert. The court holds that, as an administrator appointed by the Clerk of the Circuit Court

pursuant to state law, Case has standing unless and until he is removed by that court. Therefore, the court denies defendants' motion to dismiss for lack of standing. The court holds under advisement Case's motion to add Gilbert until Case files documentation or affidavits that establish Vincente's citizenship.

I.

A multi-vehicle accident involving three tractor trailers and one motor vehicle occurred on I-81 in Shenandoah County, Virginia, on April 20, 2009. The tractor trailer in which Fayne was a passenger had stopped, and Fayne had exited the vehicle. While driving his employer's tractor trailer, Miller struck a Hyundai, operated by Vincente, that was behind the tractor trailer Fayne had exited. The impact caused Vincente's car and the tractor trailer driven by Miller to strike and kill Fayne.

Fayne, a citizen of Tennessee at the time of his death, died intestate and is survived by his only son, Keith A. Fayne, an adult who is the sole statutory beneficiary of Fayne's estate. On May 11, 2009, a Tennessee court in Tipton County, Tennessee appointed Fayne's mother, Juanita P. Fayne, administrator of Fayne's estate. Jaunita Fayne did not seek Keith Fayne's permission to qualify as administrator or inform him of her plan to qualify, and in her petition for appointment, she alleged that Keith Fayne is under a disability. Juanita Fayne has not filed a wrongful death suit in any court, nor has she applied to be a foreign administrator in a Virginia court to pursue a wrongful death suit.

Keith Fayne hired John Cooper, a Virginia attorney, to pursue his rights. Case, an employee of the law firm hired by Keith Fayne, applied to be appointed ancillary administrator of Fayne's estate in Virginia solely for the purpose of pursuing a wrongful death suit. No executor

for Fayne's estate had yet qualified in Virginia, and on May 28, 2009, the Clerk of the Circuit Court for the City of Richmond, acting pursuant to Va. Code Ann. §64.1-75.1, appointed Case as Fayne's administrator solely for the purpose of prosecuting this suit.

## II.

Defendants contend that Case lacks standing because he was improperly appointed.[1] The court holds that, in accordance with Fed. R. Civ. P. 17, Case is a real party in interest with capacity to bring this suit, and that as an administrator appointed by the Clerk of the Circuit Court pursuant to Va. Code Ann. § 64.1-75.1, Case has standing unless and until he is removed by the Circuit Court. Therefore, the court denies defendants' motion to dismiss.

Va. Code Ann. § 8.01-50 provides recovery for wrongful death in Virginia. The intent of the wrongful death statute "is not to accumulate an estate for the decedent but to compensate for a loss suffered by those entitled to recover" under the statute. Cassidy v. Martin, 220 Va. 1093, 1101 (1980) (internal citations omitted). Virginia makes a careful distinction between beneficiaries that are entitled to recover under the wrongful death statute and the general beneficiaries of the decedent's estate. See Miltier v. Beorn, 696 F. Supp. 1086 (E.D. Va. 1988). Here, Keith Fayne is the only beneficiary eligible to recover under the wrongful death statute. See Va. Code Ann. § 8.01-53 (providing that when a decedent is survived by a child and there is no surviving spouse nor any surviving children of any deceased child of the decedent, the

---

[1] Defendants maintain that under Virginia law, Case is not the proper party to bring this suit because a Tennessee administrator has already been appointed and that appointment is exclusive and jurisdictionally proper. (Memo. Supporting Defendants' Motion to Dismiss 2-5.) Therefore, Juanita Fayne has exclusive authority to nominate a resident of Virginia to serve with her for the purposes of litigation and that because the Clerk of the Circuit Court rather than Juanita Fayne selected Case, the lawsuit should be dismissed because Case lacks standing. (Id.)

3

surviving child is the sole statutory beneficiary). The statute provides that every wrongful death action "shall be brought by and in the name of the personal representative" of the deceased. Va. Code Ann. § 8.01-50(B). Consequently, although Keith Fayne is the only beneficiary, the action still must be prosecuted in the name of the personal representative.

Defendants point to the appointment in Tennessee of Juanita Fayne as the administrator of Fayne's estate and from there challenge, under the guise of standing, the Clerk's appointment of Case. The court finds that challenge to be misplaced for at least two reasons.

First, the appropriate place to challenge Case's appointment is in the Circuit Court that appointed him. In Virginia, if an *executor* of a decedent's estate has not already been appointed, the clerk of the circuit court of any jurisdiction in Virginia where venue would be proper for a wrongful death action may appoint an administrator "solely for the purpose" of prosecuting that action. Va. Code Ann. § 64.1-75.1. Appointments by the clerk are subject to appeal "in the manner provided for by statute." Beavers v. Beavers, 39 S.E.2d 288, 290 (Va. 1946) (referencing Saunders v. Link, 76 S.E. 327, 330 (Va. 1912)). Va. Code Ann. § 64.1-78 sets forth the process for appealing the clerk's orders. It authorizes any interested person to appeal the clerk's order as a matter of right within six (6) months after the order is entered. Id. The appeal is heard by the circuit court "as though it had been presented to the ... court in the first instance." Beavers, 39 S.E.2d at 290 (citations omitted). Therefore, the Circuit Court of the City of Richmond has jurisdiction to hear a timely challenge and unless and until the Circuit Court removes him, Case is a real party in interest and has the capacity to bring this suit under Rules 17(a) and (b)(3) of the

Federal Rules of Civil Procedure.[2] See Fed. R. Civ. P. 17(a), (b)(3) (designating administrators as a real party in interest and indicating that an administrator has capacity to sue or be sued in accordance with the law of the state where the court is located). Therefore, Case's constitutional standing is no less than any other representative party appointed pursuant to state law to serve in a kind of trustee status for a beneficiary with a concrete, personal stake in the outcome of the proceeding. See Hodel v. Irving, 481 U.S. 704, 711 (1987) (recognizing representative party standing).

Second, defendants misread Va. Code Ann. § 64.1-75.1 by equating the term "executor" with the term "administrator." An executor is "a person named by a testator to carry out the provisions in the testator's will," in contrast to an administrator, who is a person appointed by the court to manage the assets and liabilities of an intestate decedent. BLACK'S LAW DICTIONARY 49, 610 (8th ed. 2004); see also Hofheimer v. Seabord Citizens' Nat'l Bank of Norfolk, 154 Va. 896, 898 (1931) ("An executor is one to whom another man commits by his last will the execution of that will and testament. An administrator is a person authorized to manage and distribute the estate of an intestate, or of a testator who has no executor."). Fayne died intestate, so his mother is not the executor of his estate but rather the administrator of his estate in Tennessee, and her appointment in Tennessee did not prevent the Clerk of the Circuit Court of the City of Richmond

---

[2] A collateral attack in this court on Case's appointment also possibly implicates the Rooker-Feldman doctrine. See Dist. of Columbia Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (finding that the state court's decision, "whether right or wrong, was an exercise of jurisdiction" and "[i]f the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding").

from appointing Case solely for the purpose of prosecuting this wrongful death action.[3] By appointing Case, the Clerk conferred upon Case the requisite standing to bring this suit. Therefore, the court holds that, having been appointed administrator by the Clerk pursuant to state law, Case has standing unless and until he is removed by the Circuit Court. Accordingly, the court denies defendants' motion to dismiss.

### III.

Case seeks leave to amend the complaint to join Gilbert pursuant to Fed. R. Civ. P. 15 and contends that, upon granting its motion, the court should remand the case because adding Gilbert will destroy diversity jurisdiction. In his pleadings, Case alleges that Vincente is a resident of Virginia; however, 28 U.S.C. § 1332 only confers jurisdiction on the basis of the parties' diversity of citizenship, not diversity of residence. Therefore, the court holds Case's motion to add Gilbert under advisement until Case files documentation or affidavits that establish Vincente's citizenship.

### IV.

For the reasons stated, the court denies defendants' motion to dismiss and holds Case's motion under advisement.

**ENTER:** This 30th day of October, 2009.

UNITED STATES DISTRICT JUDGE

---

[3] Indeed, since any recovery under Virginia's wrongful death statute would not inure to the decedent's general estate, but rather to the decedent's sole eligible beneficiary, Keith Fayne, it appears, without presuming, that a circuit court might consider his wishes, assuming he is competent, superior to those of a foreign administrator. In any event, the issue is one for the Circuit Court to decide.